RECEIVED
IN LAKE CHARLES, LA
SEP 2 7 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:05 CR 20237-001 |
| VS. | : | JUDGE MINALDI |
| EARL JAMES THOMPSON | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court is the Government's objection to the Presentence Report ("PSR"). The Government objects to the guideline computations in ¶34 of the PSR and argues that the cocaine powder should have been converted to crack before being converted to marijuana for guideline determination.

The Government argues that the defendant was manufacturing crack. Cooperating witnesses provided information that the defendant was selling crack. Debriefing of the informant and Solomon Benson established that a conspiracy existed between Thompson, Solomon Benson and his brother, Willie Benson, that involved more than 30 cookies of crack. When a search warrant was executed on November 28, 2006, at the defendant's apartment on Watson Road, it was established that he was selling crack from that location. Therefore the Government contends that Thompson intended to convert the 671 grams of cocaine powder found in his residence on Fields Lane and the 1,178.2 grams of cocaine powder from the apartment on Watson Road into crack.

One issue discussed in *U.S. v. Britton,* 225 Fed.Appx. 219, 221-222, 2007 WL 756502,**2 (C.A.5 (Tex., 2007) is whether or not cocaine powder should be converted to crack for guideline

computation purposes. In *Britton* the court adduced that no evidence had been presented concerning how much crack was actually produced from the powder cocaine purchased. To determine the proper conversion ratio, the PSR writer relied on testimony from several police officers who stated that two kilograms of powder cocaine can be made into four kilograms of crack (a 1 to 2 ratio). Nigel Harris, the admitted drug dealer who testified at the trial, also estimated a conversion ratio of 1 to 2. The PSR adopted this estimate. However, the district court did not adopt the PSR's conversion ratio and instead attributed 1.5 kilograms of crack to Britton for his role in the conspiracy (a 1 to .75 ratio). The Fifth Circuit found the district court's conversion ratio (1 to .75) to be a reasonable estimate based on the testimony, and held it did not constitute clear error. The ratio was lower than all of the conversion ratios presented at sentencing, except one. While the ratio used in *Britton* was higher than in *United States v. Booker,* 334 F.3d 406, 414 n. 3 (5th Cir.2003) (mentioning a 1 to .5 ratio)[1], that case did not establish the correct ratio as a matter of law. *See id.* at 413-14 & n. 3.

In *Jackson v. U.S.* 2007 WL 1536932, *2 (N.D.Tex., 2007) the PSR recited, based on reliable information, that on two separate occasions Jackson purchased one-half kilogram of powder cocaine and a co-conspirator "cooked it" into crack cocaine for him. PSR, ¶¶ 9 & 26. The court held that the conversion of the powder cocaine was reasonably foreseeable to movant and was a part of the criminal activity jointly undertaken by movant and another.

In the case at bar, the evidence demonstrates that it was reasonably foreseeable to Thompson that the cocaine powder would be converted into crack. No evidence had been presented, however, concerning how much crack would actually be produced from the powder cocaine purchased. In

---

[1] The ratio in *Booker* was not an issue and the court merely mentioned the ratio in a footnote. *See id.* at 414 n. 3.

2

*Britton* there was testimony about how many kilograms of cocaine powder could be converted into a certain quantity of crack for the purpose of establishing a conversion ratio. There is no correct conversion ratio as a matter of law. Without evidence from a qualified expert to establish this ratio, the conversion is not proper. The Government's objection is overruled.

Lake Charles, Louisiana, this 26 day of September, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE